## Ex Parte Rivera.

### Appeal from the District Court of San Juan.

No. 38.—Decided October 31, 1906.

Habeas Corpus—Jurisdiction of the Crime and of the Person.—Where in *habeas corpus* proceedings it appears that the petitioner is restrained of his liberty by virtue of a commitment íssued under a final order by a competent judge with jurisdiction of the person of the petitioner and of the crime, the application for enlargement must be denied.

Id.—Confinement in the Penitentiary and Not in Jail.—The fact that a petitioner is confined in the penitentiary and not in jail cannot serve as a ground for his discharge under *habeas corpus* proceedings.

The facts are stated in the opinion.

*Mr. Rossy; fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of San Juan from a decision refusing the release from custody of Manuel Rivera Colón on *habeas corpus,* which was based:

"1. Upon the seventh subdivision of section 483 of the Code of Criminal Procedure—that is to say, that he had been committed on a criminal charge without reasonable cause, and

"2. Upon the fact that he should not be confined in the penitentiary, as he is, but in the jail."

The commitment upon which the petitioner was confined reads as follows:

"Municipal Court of Bayamón. United States of America. The President of the United States. *The People of Porto Rico* v. *Manuel Rivera Colón.* To the warden of the district jail. A complaint having been filed on July 26, 1906, by Enrique Llorens, a corporal, in the insular police, requesting that Manuel Rivera be required to give bond to keep the peace on account of having used the following words at a public meeting: 'Luís Muñoz Rivera, who is shameless, thinks of coming here to hold a meeting; on that day 25 of us will assemble, including myself, to do away with him, because that man must disappear.' Testimony having been heard in accordance with the provisions of section 67 of the Penal Code in force, and there being just reason to fear that Manuel Rivera may carry out his threats against the life of Luís Muñoz Rivera, the court orders that said Manuel Rivera give a bond in the sum of $500, the sureties thereon to guarantee that the defendant will not disturb the peace against The People of Porto Rico, and especially against Luís Muñoz Rivera; and if the defendant should fail to furnish such security, he shall be held in custody for a period of six months. Therefore, the marshal of the district court is ordered to take the said defendant to the municipal jail and deliver him to the warden thereof until he can be taken as promptly as possible to the district jail to serve the sentence imposed. Bayamón, July 27, 1906.—José Julián Acosta, municipal judge.

"On this date José L. Rossy and Francisco Serrano appeared and entered into an undertaking in the sum of the $500 required, in favor of the said Manuel Rivera Colón, with the legal requisites. Attest: Celestino J. Pérez.

"This 6th day of August, 1906, José L. Rossy and Francisco Serrano appeared and stated that they withdrew the undertaking furnished in the sum of $500 in favor of Manuel Rivera Colón as provided by section 397 of the Code of Criminal Procedure in force. The judge in view of this fact, ordered the cancellation of the undertaking and that the defendant Manuel Rivera Colón furnish another undertaking in the sum of $500, or otherwise that he be confined in the district jail for the term of six months, remaining under the custody of the warden of the municipal jail until transferred to the district jail.—Celestino J. Pérez, Secretary."

As will be observed this is not a case of imprisonment on a criminal charge without reasonable cause, as alleged in the petition, but it involves the deprivation of liberty, as the court of San Juan says, under a warrant of arrest issued as a final decision by a judge of competent jurisdiction over the person, the place, the cause and under proceedings authorized by law.

It is of no importance, nor can the release from custody under *habeas corpus* be ordered by reason of the fact that the petitioner is confined in an institution called a penitentiary, instead of being confined in one desigated by the name of jail. It is a fact that he is under the custody of the deputy warden of the jail, Benito Miró, according to the latter's report.

In view of the reasons stated the decision of the District Court of San Juan of August 15 last must be affirmed, and consequently the petitioner shall be returned to the custody of the deputy warden of the jail, Benito Miró, or to the person acting in his place.

*Application denied.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.